NO. 12-11-00229-CR

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

IN RE:                                                            §                      

 

MICHAEL ALLYN KENNEDY,                 §                      ORIGINAL
PROCEEDING

 

RELATOR                                                     §                      







MEMORANDUM
OPINION

            This
is an original proceeding.  Relator Michael Allyn Kennedy complains in his
“Petition for Prohibitation and Motion to Reverse Trial Court Conviction and
Punishment and Sep[a]rate Mandamus” that he has been denied the right to
challenge his conviction and punishment in trial court cause number 12326. 
Because we have no jurisdiction to grant the relief he requests, we dismiss.

 

Background

            Relator
was charged with theft of property worth more than $1,500 and less than
$20,000.  The indictment alleged that the victim was elderly, which elevated
the punishment range from that of a state jail felony to that of a third degree
felony.  The indictment also contained a single enhancement paragraph alleging
that Relator had previously been convicted of a felony offense.  At trial, the
State was permitted to seek an enhanced sentence based on Relator’s previous
convictions for two felony offenses, instead of one as alleged in the
indictment.  The jury found Relator guilty and assessed punishment at
imprisonment for sixty-two years and a fine of $10,000.  See Kennedy v.
State, No. 12-08-00246-CR, 2009 WL 4829989, at *1 (Tex. App.–Tyler Dec.
16, 2009, pet. stricken) (mem. op., not designated for publication).  

            On
appeal, Relator argued, and this court held, that one of the convictions used
to enhance Relator’s sentence was not shown to be a final conviction. 
Accordingly, this court reversed the trial court’s judgment with respect to the
punishment imposed and remanded the case to the trial court for a new
punishment hearing.  See id., at *4.  On remand, the trial court
conducted a new punishment hearing, and the jury assessed Relator’s punishment
at ninety-nine years of imprisonment.  The trial court sentenced Relator in
accordance with the jury’s punishment verdict.  Relator filed a notice of appeal
from the trial court’s judgment, and that appeal is now pending in this court’s
cause number 12-11-00041-CR.

 

Availability of Relief

            Although
the title of Relator’s petition indicates that he is seeking a writ of mandamus
and a writ of prohibition, his request for relief reads as follows:

 

For these reasons
this court should reverse [the] conviction or show how a crime or offense [was]
committed since there [are] no remedies by habeas corpus to address this
conviction or no crime or offense committed, the conviction should be reversed
for a new trial in case no. 29326 Kennedy v. State from Anderson County, Texas.

 

 

This court has
affirmed Relator’s conviction.  See Kennedy, 2009 WL 4829989, at
*4.  Our mandate issued on April 30, 2010, and the judgment is final. 
Therefore, Relator’s request for relief is, in substance, a request for
postconviction habeas relief.  See Ex parte Adams, 768 S.W.2d
281, 287 (Tex. Crim. App. 1989).  The court of criminal appeals has sole
jurisdiction to grant postconviction habeas relief from a final felony
conviction.  See Tex. Code Crim.
Proc. Ann. art. 11.07 § 3(a) (Vernon Supp. 2010). 

 

Disposition

            Because
we are without jurisdiction to grant postconviction habeas corpus relief from a
final felony conviction, we dismiss Relator’s petition for want
of jurisdiction.[1] 
All pending motions are overruled as moot.

 

 

 

                                                                                    Sam Griffith

                                                                                        
    Justice

 

 

 

 

Opinion delivered August 3, 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)

 

 











            [1]
Relator also complains that the court reporter
has not filed a reporter’s record in his appeal, and that the reporter’s record
is essential to the prosecution of his appeal.  Although he does not request
relief against the court reporter, this court’s records reflect that the court
reporter filed the reporter’s record in Relator’s pending appeal (appellate
cause number 12-11-00041-CR) on July 25, 2011.